# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# CHICAGO DIVISION

| | |
|---|---|
| LEYLA MARIE CORTES OLAZAGASTI, Individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>WALGREEN CO.<br><br>        Defendant. | Case No.   1:20-cv-03338<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Leyla Marie Cortes Olazagasti ("Olazagasti") brings this action individually and on behalf of all current and former non-exempt call-center employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Walgreen Co. (hereinafter "Defendant" or "Walgreens"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19, and Florida common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 216(b) of the FLSA, 29 U.S.C. § 216(b), while her Florida common-law claims are asserted as a class action under Federal Rule of Civil Procedure 23 ("Rule 23"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a Rule 23 class action pursuant to the laws of the State of Florida to recover unpaid wages, overtime wages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for Walgreens in call centers throughout the United States at any time during the relevant statutes of limitation through the final disposition of this matter and have not been paid for all hours worked or the proper amount of overtime in violation of state and federal law.

3. Specifically, Walgreens has enforced a uniform company-wide policy wherein it improperly required its non-exempt hourly call-center employees—Plaintiff and the Putative Class Members—to perform work off-the-clock and without pay.

4. Walgreens's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Walgreens knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked and the proper amount of overtime each workweek on a routine and regular basis during the relevant time period.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Florida law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under their Florida state-law claim as a Rule 23 class action.

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Olazagasti designated herein be named as the Class Representative for the Florida Common-Law Class.

## II.
## THE PARTIES

11. Plaintiff Leyla Marie Cortes Olazagasti ("Olazagasti") was employed by Walgreens during the relevant time period. Plaintiff Olazagasti did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former non-exempt call-center employees who were employed by Walgreens anywhere in the United States at any time from June 5, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Olazagasti worked and was paid.

13. The Florida Common-Law Class Members are those current and former non-exempt call-center employees who were employed by Walgreens in the State of Florida at any time from June

---

[1] The written consent of Leyla Marie Cortes Olazagasti is hereby attached as Exhibit "A."

5, 2016 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Olazagasti worked and was paid.

14. Defendant Walgreen Co. ("Walgreens") is an Illinois For-Profit Corporation licensed to and doing business in the State of Illinois and may be served with process through its registered agent for service of process: **Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.**

## III.
## JURISDICTION & VENUE

15. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has supplemental jurisdiction over the additional Florida state-law claims pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over Walgreens because the cause of action arose within this District as a result of Walgreens's conduct within this District and Division.

18. Venue is proper in the Northern District of Illinois because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Walgreens's corporate headquarters are located in Deerfield, Illinois, which is located in this District and Division.

20. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

21. Walgreens, Inc. is one of the largest pharmaceutical corporations in the world, and operates more than 9,000 drugstores throughout the United States.[2]

---

[2] https://news.walgreens.com/fact-sheets/frequently-asked-questions.htm.

22. To assist its customers and fulfill their orders, Walgreens employs thousands of hourly call-center employees—Plaintiff and the Putative Class Members—who assist Walgreens customers and clients. The Plaintiff and Putative Class Members work for Walgreens both remotely as at-home employees and at call centers owned and operated by Walgreens.

23. Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by Walgreens's customers, answering customer/client inquiries, fulfilling orders, accepting payments, and generally assisting customers/clients.

24. Plaintiff Olazagasti has been employed by Walgreens in customer service in Orlando, Florida since approximately November 2019.

25. Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

26. Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

27. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to four (4) hours "off-the-clock" per week and have not been compensated for that time.

28. Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for Walgreens as a result of Walgreens's corporate policy and practice of requiring their hourly call-center employees to clock-in only when ready to take their first call.

29. Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, open and initiate multiple different Walgreens computer programs, log in to each Walgreens program, and ensure that each Walgreens program is running correctly—all of which can take up to twenty minutes—before they are allowed to clock in on the time keeping software application and then take their first phone call.

30. If Plaintiff and the Putative Class Members are not ready and on the phone at shift start they can be subject to discipline.

31. If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

32. Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

33. During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

34. Walgreens provides Plaintiff and the Putative Class Members with one unpaid lunch break per shift.

35. However, Walgreens requires Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid lunch breaks.

36. Plaintiff and the Putative Class were required to stay on the clock and on call until the minute their lunch break began, clock out, then log out of the phone system or otherwise go into an aux mode, and then log off of their computer prior to leaving their desk for lunch.

37. Plaintiff and the Putative Class Members were required to log back into their computer, log back into the phone system, then clock in, and be back on the phone right at the moment their lunch break ends.

38. The log off process used prior to going to lunch can take approximately 1-3 minutes.

39. The log in process used after returning from lunch can take approximately 1-3 minutes.

40. This lengthy log off and log in procedure had to be performed during Plaintiff and the Putative Class Members' lunch break, as per Walgreens policy.

41. Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reset them, which took approximately ten (10) minutes or more each time.

42. Plaintiff and the Putative Class Members were also not compensated for the time they worked for Walgreens rebooting Walgreens' computers after they crashed.

43. In addition, Walgreens also enforced a uniform company-wide policy wherein they improperly required their non-exempt hourly employees—Plaintiff and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

44. Walgreens permitted Plaintiff and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside the two fifteen-minute breaks.

45. As a result of Walgreens' corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid lunch break, and requiring Plaintiff and the Putative Class Members to clock out for short breaks, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

46. Walgreens has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

47. Walgreens is aware of their obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but has failed to do so.

48. Because Walgreens did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Walgreens's pay policies and practices violate the FLSA and Florida state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

49. Paragraphs 1–48 are fully incorporated herein.

**A. FLSA COVERAGE**

50. The FLSA Collective is defined as:

**ALL NON-EXEMPT CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY WALGREEN CO., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JUNE 5, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

51. At all times hereinafter mentioned, Walgreens has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

52. At all times hereinafter mentioned, Walgreens has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

53. At all times hereinafter mentioned, Walgreens has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

54. Walgreens employed (and continues to employ) at least two or more workers—Plaintiff and the Putative Class Members—to provide goods and services through interstate commerce for the purposes of the FLSA.

55. Specifically, Plaintiff and the Putative Class Members were employed to sell Walgreens' clients' goods over the phone to customers and also to provide customer assistance services to those customers.

56. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

57. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Walgreens who assisted customers living throughout the United States. 29 U.S.C. § 203(j).

58. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

59. In violating the FLSA, Walgreens acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

60. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 50.

61. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Walgreens.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

62.     Walgreens violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

63.     Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Walgreens' acts or omissions as described herein; though Walgreens is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

64.     Moreover, Walgreens knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

65.     Walgreens knew or should have known it's pay practices were in violation of the FLSA.

66.     Walgreens is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

67.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Walgreens to pay them in accordance with the law.

68.     The decision and practice by Walgreens to not pay for all hours worked or the proper amount of overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

69.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant

to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. FLSA COLLECTIVE ACTION ALLEGATIONS

70. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

71. Other similarly situated employees have been victimized by Walgreens' patterns, practices, and policies, which are in willful violation of the FLSA.

72. The FLSA Collective is defined in Paragraph 50.

73. Walgreens' failure to pay for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

74. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

75. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

76. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

77. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

78. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Walgreens will retain the proceeds of its rampant violations.

79. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

80. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 50 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of Florida Common Law)**

**A. VIOLATIONS OF FLORIDA COMMON LAW**

81. Paragraphs 1–80 are fully incorporated herein.

82. Plaintiff Olazagasti further brings this action pursuant to Florida common law and the equitable theories of unjust enrichment and *quantum meruit*. *See Fernandez v. City of Fruitland Park*, No. 5:16-cv-326, 2016 WL 8329400, at *8 (M.D. Fla Dec. 6, 2016).

83. The Florida Class is defined as:

**ALL NON-EXEMPT CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY WALGREEN CO., IN THE STATE OF FLORIDA, AT ANY TIME FROM JUNE 5, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Florida Common-Law Class" or "Florida Common-Law Class Members").**

84. Plaintiff Olazagasti and the Florida Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Walgreens. These claims are independent of their claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Id.*

85. Plaintiff Olazagasti and the Florida Class Members conferred a valuable benefit on Walgreens because they provided services to Walgreens before and after their shifts—during their respective computer start-up times and after their shifts ended—without compensation.

86. Walgreens was aware that Plaintiff Olazagasti and the Florida Class Members worked through their respective computer start-up times and after their shifts ended without compensation

and further, caused them to continue to work through their respective computer start-up times and after their shifts ended while off the clock and without pay.

87. Walgreens has therefore benefited from services rendered by Plaintiff Olazagasti and the Florida Class Members and it is inequitable for Walgreens to retain the benefit of Plaintiff Olazagasti and the Florida Class Members' services without paying fair value for them.

**B.   CLASS ACTION ALLEGATIONS**

88. Plaintiff Olazagasti and the Florida Class Members bring their Florida Claims as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Walgreens to work in Florida since June 2, 2016. *See* FLA. STAT. § 95.11(3)(k).

89. Class action treatment of Plaintiff Olazagasti and the Florida Class Members is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

90. The number of Florida Class Members is so numerous that joinder of all class members is impracticable.

91. Plaintiff Olazagasti is a member of the Florida Class and his claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of the other class members.

92. Plaintiff Olazagasti and his counsel will fairly and adequately represent the class members and their interests.

93. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

94. Accordingly, the Florida Class should be certified as defined in Paragraph 83.

## VI.
## RELIEF SOUGHT

95. Plaintiff respectfully prays for judgment against Walgreens as follows:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 50 and requiring Walgreens to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order certifying the Florida Common-Law Class as defined in Paragraph 83, and designating Plaintiff Olazagasti as Representative of the Florida Common-Law Class;

    c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    d. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

    e. For an Order pursuant to Section 16(b) of the FLSA finding Walgreens liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for attorneys' fees and costs;

    f. For an Order pursuant to Florida Common Law awarding Plaintiff Olazagasti and the Florida Common-Law Class Members unpaid wages and other damages allowed by law;

    g. For an Order awarding the costs and expenses of this action;

    h. For an Order awarding attorneys' fees;

    i. For an Order awarding post-judgment and moratory interest at the highest rates allowed by law;

      j.      For an Order awarding Plaintiff Olazagasti a service award as permitted by law;

      k.      For an Order compelling the accounting of the books and records of Walgreens, at Walgreens's own expense;

      l.      For an Order providing for injunctive relief prohibiting Walgreens from engaging in future violations of the FLSA and Florida state law, and requiring Walgreens to comply with such laws going forward; and

      m.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:   June 5, 2020                        Respectfully submitted,

                                                  */s/ Ryan F. Stephan*
                                                  Ryan F. Stephan
                                                  James B. Zouras
                                                  Catherine T. Mitchell
                                                  Megan E. Shannon
                                                  **STEPHAN ZOURAS, LLP**
                                                  100 N. Riverside Plaza, Suite 2150
                                                  Chicago, Illinois 60606
                                                  312.233.1550
                                                  312.233.1560 *f*
                                                  rstephan@stephanzouras.com
                                                  jzouras@stephanzouras.com
                                                  cmitchell@stephanzouras.com
                                                  mshannon@stephanzouras.com

                                                  **Clif Alexander** *(Pro Hac Vice Anticipated)*
                                                  Texas Bar No. 24064805
                                                  clif@a2xlaw.com
                                                  **Austin Anderson** *(Pro Hac Vice Anticipated)*
                                                  Texas Bar No. 24045189
                                                  austin@a2xlaw.com
                                                  **ANDERSON ALEXANDER, PLLC**
                                                  819 N. Upper Broadway
                                                  Corpus Christi, Texas 78401
                                                  Telephone: (361) 452-1279
                                                  Facsimile: (361) 452-1284

                                                  *Attorneys for Plaintiff and Putative Class Members*

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on June 5, 2020, I filed the attached with the Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

          */s/ Ryan F. Stephan*