IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEYLA MARIE CORTES OLAZAGASTI, individually and on behalf of a putative class of similarly situated individuals, | ) ) ) ) ) | |
| *Plaintiff*, | ) ) | No. 20 C 3338 |
| v. | ) ) | Judge Virginia M. Kendall |
| WALGREEN CO., | ) ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION AND ORDER

Leyla Marie Cortes Olazagasti ("Olazagasti") worked for Walgreen Company ("Walgreens") as a call center employee. Walgreens paid her for forty hours of work per week, but did not pay her for time spent setting up her call system, waiting for her computer to boot up, and the like. Olazagasti claims, on behalf of herself and a putative class, that Walgreens' refusal to pay her for these hours worked violates the Fair Labor Standards Act ("FLSA") and Florida common law. Walgreens now moves to dismiss the Amended Complaint on the grounds that Olazagasti fails to state a FLSA claim and that the FLSA preempts her Florida common law claim. For the reasons set forth below, the Motion (Dkt. 35) is granted in part and denied in part.

### BACKGROUND

The following allegations come from the Amended Complaint and the Court assumes their truth for purposes of this Motion. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Walgreens has employed Olazagasti as a call center customer service representative in Orlando, Florida since November of 2019. (Dkt. 32 ¶ 24.) Olazagasti is an hourly worker who

1

works approximately forty "on-the-clock" hours per week. (*Id.* ¶¶ 25–26.) In addition to the on-the-clock compensated hours, Olazagasti and members of the putative class worked between thirty minutes and three hours per week of "off-the-clock," uncompensated time. (*Id.* ¶ 27.) Walgreens requires Olazagasti[1] to clock in only after starting up her computer, logging into Walgreens programs, and ensuring that each Walgreens program is running correctly. (*Id.* ¶ 29.) That process can take up to twenty minutes. (*Id.*) Only once that process is complete can Olazagasti clock in and take her first call. (*Id.*) If Olazagasti is not ready on the phone and clocked in at the start of her shift, she can be subject to discipline. (*Id.* ¶¶ 30–31.) Consequently, Olazagasti must go through the process of logging in and getting set up during off-the-clock, uncompensated time in order to avoid being subject to discipline. (*Id.* ¶ 32.)

Walgreens provides Olazagasti with one unpaid meal break per shift. (*Id.* ¶ 34.) Before taking that meal break, Walgreens requires that Olazagasti first clock out and then log out of the phone system and then log off the computer before leaving her desk. (*Id.* ¶ 36.) This process requires that Olazagasti remain at her desk for between one and three minutes without compensation. (*Id.* ¶ 38.) Then, at the end of her lunch break, Olazagasti must return to her desk, log back into the computer and phone system and then clock back in. (*Id.* ¶ 37.) This process also takes one to three minutes of uncompensated time. (*Id.* ¶ 40.)

Olazagasti sometimes encounters technical problems, which require a troubleshooting process that can take between ten minutes and one hour. (Id. ¶ 41.) Per Walgreens policy, none of the time spent troubleshooting is compensated. (*Id*. ¶¶ 41–42.)

Walgreens permits Olazagasti to take two compensated fifteen minute rest breaks per day. (*Id.* ¶ 45.) If she takes any additional breaks, Walgreens requires Olazagasti to clock out. (*Id.*)

---

[1] Allegations of fact pertaining to Olazagasti also pertain generally to members of the putative class.

**LEGAL STANDARD**

When considering a motion to dismiss for failure to state a claim, the Court must construe the complaint "in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the non-moving party's favor." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff need not plead "detailed factual allegations," but the short and plain statement must "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter that when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570)).

**DISCUSSION**

**I.  Count I: Fair Labor Standards Act**

The FLSA requires subject employers to pay its non-exempt employees a minimum hourly wage and to compensate their employees at one and one-half times the regular rate for a workweek longer than forty hours. *See* 29 U.S.C. §§ 206–07.

Under the Portal-to-Portal Act, commuting to work and other "activities that are preliminary to or postliminary" to an employee's "principal activity or activities" need not be compensated. *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27, 32–33 (2014) (citing 29 U.S.C. § 254(a)). The term "principal activities," however, "embraces all activities which are an integral and indispensable part of the principal activities." *IBP, Inc. v. Alvarez*, 546 U.S. 21, 29–30 (2005). Thus, activities that are integral and indispensable to the employee's principal activities must be compensated. *Kellar v. Summit Seating Inc.*, 664 F.3d 169, 174 (7th Cir. 2011). In *Steiner*

3

*v. Mitchell*, 350 U.S. 247 (1956), the Court found that workers in a battery plant had to be compensated for time spent changing clothes and showering in a facility to clean themselves of toxic materials to which the employees were exposed while performing their principal activities. Showering and changing clothes was integral and indispensable to their principal activities as factory workers. *Id.* at 252–53. In *Pirant v. U.S. Postal Serv.*, 542 F.3d 202, 208–09 (7th Cir. 2008), by contrast, the time that postal workers spent donning and doffing their uniforms, gloves, and work shoes was not compensable worktime because donning these clothes was not "integral and indispensable" to the postal workers' principal activities.

There is also a *de minimis* exception to compensable worktime. Where an employee performs tasks outside of the normal working hours that take just seconds or minutes, the employer generally need not compensate that time. *Kellar*, 664 F.3d at 176. Establishing that the exception applies is the employer's burden. *Id.*

The parties have not briefed the issues of whether Olazagasti's time spent logging on, logging off, troubleshooting, and the like are "principal activities" or whether the *de minimis* exception applies. Of course, this is a question of law that the Court must resolve, but without sufficient briefing on the topic, the Court will reserve ruling until the summary judgment stage. *See id.* at 174 (criticizing the district court for ruling on the issue of preliminary or principal activities without ever apprising the parties that it intended to rule on that issue and where the briefings contained no mention of that issue).

Walgreens's only argument with respect to the FLSA claim is that it is insufficiently pled and states legal conclusions, not facts. To the contrary, the Amended Complaint alleges that Olazagasti is an hourly worker (*i.e.*, non-exempt worker), that she performed various required tasks after having already worked forty on-the-clock hours, and that she was not paid for the time

4

performing those tasks. That is sufficient to state an FLSA claim. Now, whether those tasks qualify as principal activities for which Walgreens must compensate Olazagasti is another matter that the Court does not reach here due to the lack of briefing.

Walgreens also seeks to dismiss the FLSA collective action allegation on the grounds that the underlying FLSA claim is insufficiently pled. Because the underlying claim is sufficiently pled, the Court also denies the Motion on those grounds.

## II.     Count II: Florida Common Law

In Count II, Olazagasti seeks recovery under a common law theory of unjust enrichment. (Dkt. 32 ¶¶ 83–89.) Olazagasti contends that she conferred a benefit on Walgreens by performing the activities outlined above without being paid for her time. Walgreens moves to dismiss this claim on the grounds that the FLSA preempts this Florida common law cause of action.

The FLSA's enforcement scheme is "unusually elaborate." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 193 (4th Cir. 2007). Courts in this district have frequently addressed whether the FLSA preempts state common-law causes of action. They uniformly hold that plaintiffs cannot seek the same lost wages through common law claims and FLSA claims because the FLSA preempts the common law claims. *See, e.g.*, *Labriola v. Clinton Entm't Mgmt., LLC*, No. 15 C 4123, 2016 WL 1106862, at *5–6 (N.D. Ill. Mar. 22, 2016) (dismissing unjust enrichment and quantum meruit claims at the motion to dismiss stage because "[t]here is a general consensus among courts in this district and elsewhere that the FLSA preempts unjust enrichment and other common law claims that are grounded in the same facts as the FLSA claim"); *Deschepper v. Midwest Wine & Spirits, Inc.*, 84 F. Supp. 3d 767, 780 (N.D. Ill. 2015) (dismissing unjust enrichment claim where it sought the same lost wages as the FLSA claim); *Farmer v. DirectSat USA, LLC*, No. 08 C 3962, 2010 WL 3927640, at *16 (N.D. Ill. Oct. 4, 2010) ("[T]he FLSA

5

preempts Plaintiffs' state common law claims of unjust enrichment [and] quantum meruit[.]"); *Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 659–60 (N.D. Ill. 2007) (Plaintiff's "claim for unjust enrichment is directly covered by the FLSA.").

Olazagasti claims that this case is distinct from those cases in that the unjust enrichment claim is for straight-time wages that are not covered by the FLSA. Indeed, if Olazagasti has a distinct factual predicate for her unjust enrichment claim and if she seeks her regular wage, rather than overtime, for certain unpaid hours, then that claim would not be preempted. *See Singer v. Pace Suburban Bus Serv.*, No. 18 C 199, 2019 WL 6497376, at *4 (N.D. Ill. Dec. 3, 2019) (holding that because the FLSA claim only pertained to unpaid overtime wages, plaintiff could also bring an unjust enrichment claim for unpaid regular time). The Amended Complaint contains no facts, however, to explain how any wages that Olazagasti seeks are not covered by the FLSA. She seeks overtime wages under the FLSA and straight-time wages under an unjust enrichment theory for the same four categories of time—namely, computer start-up time, computer log-out time, meal breaks, and troubleshooting time. (Dkt. 32 ¶¶ 32–48.) She alleges that she was "on-the-clock" for forty hours per week, meaning that Walgreens compensated her for that time. (*Id.* ¶ 26.) It appears from the face of the Amended Complaint that she pursues FLSA and unjust enrichment claims for any time worked above those forty hours. Her suggestion that the unjust enrichment claim is only for unpaid straight-time hours is plainly inconsistent with her allegation that she was "on-the-clock" for forty hours per week. If she was on the clock for forty hours, *i.e.* a full workweek, she has no unpaid regular time wages to seek. Thus, while she is correct that the FLSA does not preempt an unjust enrichment that only seeks unpaid regular-time wages, her Amended Complaint contains no allegation that she was ever paid for less than forty hours of work per week. Because the Amended Complaint contains no allegation that the unjust enrichment claim seeks

6

compensation for any hours that are different from those sought via the FLSA claim, the unjust enrichment claim must be dismissed, without prejudice, as preempted. The unjust enrichment class allegation is also dismissed for the same reason.

## CONCLUSION

The Motion to Dismiss [35] is denied as to the FLSA claim and granted as to the unjust enrichment claim. The unjust enrichment claim and associated class allegation is dismissed without prejudice.

_____
Virginia M. Kendall
United States District Judge

Date: December 11, 2020